**The Office of Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity and respect • www.ag.state.mn.us

January 7, 2025

*Via E-filing*

Hon. John R. Tunheim
United States District Court
300 South Fourth Street
Minneapolis, MN 55145

      Re:    ***Cookware Sustainability Alliance v. Kessler***,
               D. Minn. Case No. 25-cv-41-JRT-TNL

Dear Judge Tunheim:

I will be representing Minnesota Pollution Control Commissioner Katrina Kessler in this matter, along with my colleague Emily Anderson. We will file appearances into this matter shortly.

Yesterday, the plaintiff filed this suit against Commissioner Kessler in her official capacity, seeking declaratory and injunctive relief to invalidate a State statute – Minn. Stat. § 116.943. The statute bars the sale of various PFAS-containing goods in the State, including cookware. It was passed in May of 2023, and the ban it imposes became effective on January 1, 2025.

The plaintiff informs us that it intends to seek a temporary restraining order or preliminary injunction, and expedited handling of the motions. As you would expect, the Commissioner believes the suit is ill-founded, and will bring a motion to dismiss.

I write, however, with a focus on the issue of scheduling. The statute in question was passed more than *eighteen months* ago. Federal Courts have consistently held that delays in seeking a preliminary injunction are a basis to deny such motions.[1] The plaintiff's lack of diligence in bringing suit is even more salient on the present issue of scheduling. Neither this Court, nor the

---

[1] *See Quick Dispense, Inc. v. Vitality Foodservice, Inc.*, No. 8:23-CV-02322-FWS-ADS, 2024 WL 655996, at *5 (C.D. Cal. Feb. 2, 2024) (denying TRO where plaintiff waited nine months to file suit, and holding that plaintiff created the alleged crisis requiring a TRO); *see also Adventist Health Sys./SunBelt, Inc. v. United States Dep't of Health and Hum. Servs.*, 17 F.4th 793, 805 (8th Cir. 2021) (denying TRO while noting the plaintiff's lack of diligence in bringing suit); *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (same); *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75, 79 (4th Cir. 1989) (same); *Berkley Risk Administrators Co., LLC v. Accident Fund Holdings, Inc.*, No. CV 16-2671(DSD/KMM), 2016 WL 4472943, at *5 (D. Minn. Aug. 24, 2016) (same); *Quick Dispense, Inc. v. Vitality Foodservice, Inc.*, No. 8:23-CV-02322-FWS-ADS, 2024 WL 655996, at *5 (C.D. Cal. Feb. 2, 2024) (same); *Avila v. Newrez, LLC*, No. 2:24-CV-2264 TLN-CSK, 2024 WL 4664423, at *2 (E.D. Cal. Nov. 4, 2024) (same).

Commissioner, should be forced into fire-drill litigation concerning a preliminary injunction when the plaintiff had eighteen months to file its suit, but instead waited until after the statute went into effect before filing. The relief the plaintiff seeks – the invalidation of a state statute – is extraordinary, both at the final stage and at a preliminary stage. The Court should have the benefit of full briefing on a reasonable schedule, and the plaintiff should have been diligent in timely bringing its claims it if wanted relief before the statute became effective.

The Commissioner is nonetheless willing to proceed expeditiously. The Commissioner requests that the Court set a hearing date approximately sixty days out, with the parties to meet and confer on a briefing schedule for a concurrent hearing on the Commissioner's motion to dismiss and the plaintiff's motion for preliminary relief.

       Sincerely yours,

       OLIVER LARSON
       Assistant Attorney General

       (651) 757-1265 (Voice)
       oliver.larson@ag.state.mn.us

       *Attorney for Commissioner Kessler*