**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| COOKWARE SUSTAINABILITY ALLIANCE, <br><br> Plaintiff, <br><br> v. <br><br> KATRINA KESSLER, in her official capacity as Commissioner of the MINNESOTA POLLUTION CONTROL AGENCY (MPCA), <br><br> Defendant, | Case No. 0:25-cv-00041 (JRT/DTS) <br><br> **PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION ENJOINING ENFORCEMENT OF CERTAIN PROVISIONS OF AMARA'S LAW** |

Plaintiff Cookware Sustainability Alliance ("CSA") hereby moves the Court pursuant to Federal Rule of Civil Procedure 65 for an order granting preliminary injunctive relief to preserve the status quo while the matters raised in this action are being adjudicated. Specifically, CSA respectfully requests that, upon notice and a hearing, the Court grant a preliminary injunction enjoining Katrina Kessler, in her official capacity as Commissioner of the Minnesota Pollution Control Agency ("MPCA"), from enforcing Minn. Stat. § 116.943 as against fluoropolymer nonstick cookware manufactured by CSA's member companies.

CSA challenges the validity of Minnesota Session Law – 2023, Chapter 60, Article 3, Section 21, codified as Minn. Stat. § 116.943, known as "Amara's Law" (the "Statute") on the basis that portions of the Statute impermissibly discriminates against out-of-state

commerce and imposes a substantial burden on commerce that is unjustified by its punitive benefits, and, in doing so, violates the Commerce Clause of the U.S. Constitution.

CSA submits that it meets the standards for a preliminary injunction, *i.e.,* it has established it will likely suffer irreparable harm in the absence of preliminary relief, it has probable success on the merits, others will not be substantially harmed by the granting of a preliminary injunction, and the interests of the parties and the public justify the injunction.

Because a preliminary injunction presents no monetary risks to Defendant, CSA requests either no bond, or that bond be set at $1. Fed. R. Civ. P. 65(c).

Pursuant to Local Rule 7.1(a)(1)(D)(3), a meet-and-confer statement is not required with this motion.

In support of its Motion, CSA relies upon the accompanying Memorandum of law, Declarations, and Exhibits, as well as any evidence that may be submitted at the hearing on this Motion.

WHEREFORE, CSA respectfully requests that the Court (1) enter the accompanying Proposed Order granting CSA's motion for a preliminary injunction, and (2) grant such other and further relief as the Court deems just and proper.

Dated: January 7, 2025    **COZEN O'CONNOR**

/s/ *Cassandra M. Jacobsen*
Cassandra M. Jacobsen (#0400120)
cjacobsen@cozen.com
33 South 6th Street, Suite 3800
Minneapolis, MN 55402
(612) 260-9000 | Telephone
(612) 260-9080 | Facsimile

Stephen Miller (PA 308590)
(*pro hac* forthcoming)
Andrew Linz (PA 324808)
(*pro hac* forthcoming)
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2000 | Telephone
(215) 665-2013 | Facsimile

3